**ORIGINAL**



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

Jackie K. Smith,

                Plaintiff,

    -against-

Consumer Credit Counseling Services of CNY,

                Defendant.

COMPLAINT

03 -CV- 1033

NAM / DEP

---

Plaintiff as and for his complaint by his undersigned counsel, alleges as follows:

### INTRODUCTION

1. This is an action to remedy unlawful employment practices in violation of the civil rights of plaintiff under the Civil Rights Act of 1964 and the New York State Executive Law.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court is invoked pursuant to is invoked pursuant to 28 U.S.C.A. §§. 1343 and 1343(4) and under 42 U.S.C.A. § 2000e5(f).

3. The unlawful employment practices alleged herein were committed in whole or in part in the Northern District of New York.

### PARTIES

4. Plaintiff is a U.S. citizen residing in the County of Onondaga, State of New York.

5. Defendant is, upon information and belief, a New York corporation engaged in business in Onondaga County, State of New York and an employer within the meaning of

1

42 U.S. 2000e-(b).

## FACTS

6. Plaintiff was an employee of defendant from in 1996.

7. Plaintiff is an African-American.

8. Plaintiff was hired initially hired in the customer department.

9. Plaintiff was promoted to the position of Credit Counselor in May 2001.

10. Plaintiff began working for John Grady, supervisor, at the time of the promotion.

11. John Grady was a managerial employee of defendant.

12. Plaintiff was subjected to a series of racial derogatory comments by John Grady.

13. Plaintiff requested that Mr. Grady not to make the racially comments.

14. Mr. Grady refused to stop making the racial comments.

15. Plaintiff began to receive adverse employment actions from Mr. Grady in April 2002.

16. Plaintiff was terminated from her position with plaintiff in July 2002 for failing to turn in a time card.

## AS AND FOR A FIRST CAUSE OF ACTION

Pleading a Cause of Action for Racial Discrimination in Employment in Violation of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e.

17. Plaintiff believes that the reason for her termination was a pretext for racial discrimination.

18. Plaintiff filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on May 20, 2003 a copy of which is attached at Exhibit "A".

19. As a result of the racial discrimination, plaintiff has been unable, despite reasonable efforts, to find comparable employment.

20. As a proximate result of defendants' racial discrimination against plaintiff, plaintiff has

suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

21   As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation.

22.  As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION
Pleading a Cause of Action for Discrimination on the Basis of a Racial Discrimination under N.Y. Executive Law § 296(1)(a).

23.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 22, as if fully set forth herein.

24.  Defendant's actions in terminating plaintiff from her position was also a violation of New York State Executive Law prohibiting discrimination in employment based upon race.

25.  As a result of the racial discrimination, plaintiff has been unable, despite reasonable efforts, to find comparable employment.

26.  As a proximate result of defendants' racial discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

27   As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation.

28.  Defendant's refusal to restore plaintiff to his previous employment position after the alleged misconduct was proven to be untrue is because of plaintiff's his record of conviction and is a violation of the New York State Human Rights Law.

29.  Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

30.  The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the

3

following relief:

31. An award of plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

32. An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

33. An award of punitive damages;

34. An order enjoining defendants from engaging in the wrongful practices alleged herein and reinstating plaintiff to her position;

35. An award of reasonable attorneys' fees and the costs of this action; and

36. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

37. Plaintiff demands a jury of six person for all claims stated herein.

Dated: August 18, 2003

*[signature]*

George S. Mehallow
Attorney for Plaintiff
Bar Roll No. 507261
2700 Bellevue Avenue
Syracuse, New York 13219
Tel. No. (315) 478-1583

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| To: Jackie K. Smith<br>231 PALMER AVE.<br>SYRACUSE, NY 13207<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>EEOC New York District Office<br>33 Whitehall Street 5th Floor<br>New York, NY 10004-2112 |
|---|---|

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 16GA309612 | Spencer H. Lewis, Jr. | (212) 336-3620 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Spencer H. Lewis, Jr., Director

May 20, 2003
*(Date)*

**Enclosure(s)**

cc: CONSUMER CREDIT COUNSELING SER
500 SOUTH SALINA ST.
SUITE 600
SYRACUSE, NY 13202

EEOC FORM 161-B (Rev 01/97)

**CHARGING PARTY COPY**

Exhibit "A"