**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
**JACKIE K. SMITH ,**

                          **Plaintiff,**

    **-v.-**                                                **Case No.: 5:03-CV-1033**
                                                                   **(NAM) (GJD)**

**CONSUMER CREDIT COUNSELING**
**SERVICES OF CNY ,**

                        **Defendant.**
-----------------------------------------------------------

**APPEARANCES:**                                         **OF COUNSEL:**

**Office of George S. Mehallow**              **GEORGE S. MEHALLOW, ESQ.**
**2700 Bellevue Avenue**
**Syracuse, NY 13219**


**Pinsky, Skandalis Law Firm**                **LAUREN M. MILLER, ESQ.**
**5790 Widewaters Parkway**
**P.O. Box 250**
**Syracuse, NY 13214-0250**

<u>**ORDER SETTING SETTLEMENT CONFERENCE**</u>

This case has been scheduled for a settlement conference. All parties and their lead counsel are hereby

**ORDERED TO APPEAR BEFORE THE UNDERSIGNED** at the following location and time:

    **James Hanley Federal Building**
    **12TH Floor**
    **100 South Clinton Street**
    **Syracuse, New York**
    **at 10:00 a.m. on December 13, 2005**

**IT IS FURTHER ORDERED** that each party must be represented at the conference by an attorney who has authority to bind that party regarding all conference matters, including settlement. Unless an attorney representing an insured party or corporate or governmental entity

has such binding authority, or **immediate** access to such authority, those parties shall appear by a representative who is authorized to discuss and make recommendations relating to settlement.[1] Because settlement conferences are more effective when the parties have exchanged demands and offers in advance and made a serious effort to settle the case on their own, it is hereby further

**ORDERED** that before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without judicial involvement. Specific proposals and counter proposals shall be made. If advance settlement is not achieved, the parties shall be prepared to engage in further negotiation at the conference.

The purpose of the conference is to achieve settlement, if appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party. To facilitate that process, the parties are hereby further

**ORDERED** to complete the settlement conference statement included with this order as Attachment 1, and forward that document to Judge Mordue's Chambers, U.S. District Court, 100 South Clinton Street, Syracuse, New York, 13261, to the Attention of Judi L. McNicholas, Courtroom Deputy, **ten (10) days prior to the above conference date**.[2]

At the settlement conference the parties, by counsel, may be requested to give a brief

---

[1] If a party fails to appear or if an insured party or corporate or governmental entity is not immediately available, this court may terminate the conference and initiate a proceeding to impose sanctions.

[2] This statement is provided to the Clerk, but is not filed. *See* Northern District of New York Local Rule 5.7. **Please note** that this form differs in one respect from that available from the Clerk's Office or the court's web page. This settlement form is **not** to be exchanged by the parties. It is intended as a confidential document which, in part, permits the parties to familiarize the court with discrete issues which may aid settlement.

presentation outlining the factual and legal highlights of their case.  Separate, confidential caucuses may then be held with each party and the party's representative(s).  Accompanying this order as Attachment 2 is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

**The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**IT IS SO ORDERED.**

Dated:   November 3, 2005

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge

3

# PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )
### ** THIS DOCUMENT WILL BE PROVIDED TO THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7

**CASE NAME:** **JACKIE SMITH**  v. **CONSUMER CREDIT COUNSELING SVCS OF CNY**

**ACTION NO.:**  5:03-CV-1033

**ASSIGNED JUDGE:**  Norman A. Mordue

**ASSIGNED MAGISTRATE JUDGE:**  Gustave J. DiBianco

Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case. This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore, **must be provided to the Court ten (10) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED:**

(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S):**

(use additional page if necessary)

1

**A BRIEF STATEMENT OF THE FACTS OF THE CASE:**

_____
_____
_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AN EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE.  SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____
_____
_____
_____
_____

(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE:**

_____
_____
_____
_____
_____
_____

(use additional page if necessary)

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL:**

_____
_____
_____
_____
_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE:**

_____
_____
_____
_____

(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE:**

_____
_____
_____
_____

(use additional page if necessary)

**THE RELIEF SOUGHT:**

_____
_____
_____
_____

(use additional page if necessary)

3

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS:**

_____
_____
_____
_____
_____
_____
_____
_____

(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY:**

_____
_____
_____
_____
_____

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall be served upon the Court, not the other parties. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the settlement conference date, counsel are required to notify the court immediately. Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:

_____

Dated:_____

4

ATTACHMENT 2

SETTLEMENT CONFERENCE PREPARATION

Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A. FORMAT**

    1.  Parties with ultimate settlement authority must be personally present.

    2.  The court will use a mediation format and private caucusing with each side; the judge may address your client directly.

    3.  Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference?  If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged.
    Have you discussed these options with your client?

**B. ISSUES**

    1.  What issues (in and outside of this lawsuit) need to be resolved?
    What are the strengths and weaknesses of each issue?
    What is your most persuasive argument?

    2.  What remedies are available resulting from this litigation or otherwise?

    3.  Is there any ancillary litigation pending or planned which affects case value?

    4. Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

    5. Do attorneys fees or other expenses effect settlement?  Have you communicated this to the other side?

**C. AUTHORITY**

    1.  Are there outstanding liens?  Have you verified amounts and whether they are negotiable?
    Do we need to include a representative of the lien holder?  If so, contact the court immediately.

    2.  Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type effects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?  If so, notify the court immediately.

1

      3.  What value do you want to start with?  Why?  Have you discussed this with your client?

      4.  What value do you want to end with?  Why?  Have you discussed this with your     client?  Is it significantly different from values you have placed on this case at     other times?

      5.  Is there confidential information which affects case value?  Why can't / won't / shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

      6.  What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

**E.  CLOSING**

      1.  If settlement is reached, do you want it on the record?

      2.  Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers of compromise?

      3.  How soon could checks/closing documents be received?

      4.  If settlement is not reached, be prepared to set a Trial date.